## TRIMMIER v. LILES.

1. ISSUES OUT OF CHANCERY—JURY.—A CIRCUIT JUDGE may order an issue to a jury raised by exceptions to the master's report under consent reference in an equity case heard by him in term time, but not decided, and issue ordered several weeks after.

2. EVIDENCE—BILLS AND NOTES.—The consideration of a note may be shown by extraneous evidence.

3. FINDING OF FACT.—Disallowance of credits on mortgage note sustained.

Before GAGE, J., Spartanburg, November, 1899. Affirmed.

Foreclosure by T. R. Trimmier, administrator *cum testamento annexo* of estate of F. M. Trimmier, against J. B. Liles and Henry Liles. From Circuit decree, plaintiff and defendant, J. B. Liles, appeal.

*Messrs. Duncan & Sanders,* for plaintiff, cite: *Parol testimony incompetent to vary note:* 16 S. C., 75; 2 Strob., 122; 13 S. C., 332; 27 S. C., 380; 46 S. C., 411; 2 Bail., 342; 52 S. C., 57. *Under consent order reference, Judge could not order issue to be tried by another:* Code, 274a; 20 Stat., 695; 28 S. C., 69; 12 S. C., 168; 129 U. S., 523; 133 U. S., 705; 144 U. S., 118.

*Mr. J. T. Johnson,* also for plaintiff, cites: *Circuit Judge*

*had no power to frame issue:* Code, 274, 274a, 290, 292, 294; 18 S. C., 605; 20 S. C., 486; 22 S. C., 357; 24 S. C., 452; 26 S. C., 310; 28 S. C., 63, 277.

*Messrs. Simpson & Bomar,* for J. B. Liles, defendant, appellant, cite: *Judge had no right to order issue to jury under facts here:* 26 S. C., 304; 31 S. C., 204; 25 S. C., 122; 17 S. C., 421; 27 S. C., 418; 28 S. C., 811. *Consideration of note may be shown by parol:* 31 S. C., 318; 32 S. C., 243; 27 S. C., 328. *Accounts of defendant against decedent should be credited after manner of mutual accounts:* 30 S. C., 617.

July 27, 1900. The opinion of the Court was delivered by

MR. JUSTICE POPE. On the 13th day of February, 1883, the defendant, J. B. Liles, made his promissory note, due at ten months after date, for $4,061.51, with interest from date at ten per cent. per annum, payable annually, unto F. M. Trimmier or order, and on the same day he executed unto the said F. M. Trimmier, in order to secure said note, a mortgage on a fraction of an acre of land situate in the town of Spartanburg, S. C., and whereon was located a two-story brick storehouse, occupied at that time by Reid and Liles, and a warehouse occupied by J. B. Liles. On the    day of July, 1894, this action was brought. In the complaint it was alleged that F. M. Trimmier departed this life on the 17th August, 1888, testate; that Margaret Trimmier procured letters of administration on his estate, with his will annexed, and that, upon her death, plaintiff was duly appointed administrator *de bonis non, cum testamento annexo,* of the estate of the said F. M. Trimmier; that the said J. B. Liles has not paid said debt, but "has made some payments on his said note, but the exact amount of same this plaintiff does not know." That Henry V. Liles is made party defendant because he claims to own some interest in, or lien upon, the real estate mortgaged to plaintiff's testator, but no personal judgment will be demanded against him in this transaction.

J. B. Liles answered, admitting that he made the promissory note in question, together with the mortgage of real estate, as alleged in plaintiff's complaint, but he avers that said note represented in all of its terms only a debt due by J. B. Liles of $1,060, and the remaining $3,000 thereof was a liability of his to said F. M. Trimmier as his surety to the guardianship bond of J. B. Liles, as the guardian of the estate of J. W. Fowler, a minor, which liability is cancelled and annulled by reason of J. B. Liles having paid and discharged every part of the estate of said J. H. Fowler to the administrator of the estate of said J. H. Fowler, deceased. That J. B. Liles has paid much, if not all, of the sum of $1,060, which said note of his to F. M. Trimmier called for. By consent, an order was passed by Judge Fraser, on 31st October, 1894, referring all the issues of law and fact to the master for Spartanburg, with directions to report his conclusions thereon to the Court. At the references before the master there was testimony introduced tending to show that $3,000 of the $4,060 note was to cover and protect $3,000 of the liability of the said F. M. Trimmier, deceased, as the surety on the guardianship bond of J. B. Liles of the estate of J. H. Fowler, a minor, which liability, it was proved, had been fully terminated by the payment of every dollar thereof. However, the master held that the proof was not convincing to his mind that the contention of the defendant, J. B. Liles, was correct as to the $3,000, for he held that said $3,000 was still a subsisting part of the debt evidenced by the note for $4,060. When he came to pass on the credits which J. B. Liles set up against the said note, he sustained the sums which aggregated $1,824.05 as credits, which J. B. Liles was entitled to. Plaintiff excepted to these credits. Defendant, J. B. Liles, excepted to the finding of the master as to the $3,000 being no liability of defendant growing out of the guardianship, but as defendant's debt to F. M. Trimmier. When Judge Gage heard the cause, he struck out $1,175 of the credits allowed by the master, and when he came to pass on the exceptions relating to the

$3,000, he declared he was unable to bring himself to a *restful* conclusion either to confirm or to overrule. He, therefore, ordered that the following issue be referred for trial to a jury, and that defendant be the actor therein, to wit: "Was $3,000 of the note and mortgage for $4,060.51 by J. B. Liles to F. M. Trimmier to save harmless F. M. Trimmier as the surety on the $14,000 bond of J. B. Liles to the probate judge? Let the verdict be 'yes' or 'no,' as the jury find." Both sides to the controversy appeal from this decree.

The six exceptions of the plaintiff relate mainly to alleged errors of the Circuit Judge in not confirming the master's finding as to the $3,000. These errors are alleged because the order of reference, being consented to, was obligatory upon the Circuit Judge to confirm, modify, or reject or recommit the same—that the Circuit Judge had no power to order an issue for trial before a jury; *second,* in ruling certain testimony competent, while it is insisted by the appellants that such testimony tended to vary or contradict the terms of written instruments; *third,* that the testimony of J. B. Liles and Henry Liles, objected to, was competent, when it was clearly incompetent as in violation of section 400 of the Code; *fourth,* because the order framing an issue to be tried at some other term of Court was incompetent, for if the Circuit Judge could frame an issue, it must have been tried before himself; *fifth,* because the Circuit Judge erred in not ruling as obnoxious to section 400 of the Code certain testimony of J. B. Liles as to transactions and communications between said J. B. Liles and Trimmier; and *sixth,* because his Honor erred in making Liles the actor.

We will first dispose of the exceptions presented by plaintiff, and relating to the framing of an issue for trial before a jury. Such order was perfectly competent. When the exceptions to the master's report came on to be heard, the Circuit Judge declares that he was prepared neither to confirm nor to reject it. The difficulty, suggested by the Circuit Judge, was that he had no sight of the witnesses, and that he had no knowledge how Trimmier or

Liles were accustomed to transact business. Any other Circuit Judge would be subjected to the same difficulties, if the report was recommitted to the master and a new report was made. Hence all that was left was to frame an issue to be tried by a jury, who could see the witnesses for themselves and could be made to see how Liles and Trimmier transacted business together or by themselves. As early as the case of *Gibson* v. *Broadfoot,* 3 DeS., 588 and 589, it was held that a Chancellor could recommit a report to the master, for causes like the present. It has always been in the power of a Chancellor to frame an issue out of chancery for trial by a jury. And in such cases he can name the party who is to uphold the affirmative of the issue. So far as framing an issue out of term time and without a motion therefor, we may say this action was heard at a regular term of the Court, but the decree could not be then framed by the Chancellor. *Calhoun* v. *R. R.,* 42 S. C., 132, is an apt illustration of decisions being made of causes heard during term time but not actually rendered until after Court has adjourned. In such cases the law refers the decision to the term at which heard. The Circuit Judge needed no motion for reference. It was within his own discretion. When the cause came before Judge Gage for a hearing, of course the exceptions and the master's report were before him. The moment, however, he thus acquired jurisdiction of these issues raised by the exceptions to the master's report, it was perfectly competent for the Circuit Judge to confirm, modify, reverse, recommit, or to frame an issue or issues, *within the lines made by the exceptions to the master's report,* for trial by a jury.

So far as the second exception is concerned, we may remark it is no longer an open question in this State that inquiry based upon testimony may be made as to the consideration of a written instrument. See *Kaphan* v. *Ryan,* 16 S. C., 352; *Willis* v. *Hammond,* 41 S. C., 153; *Sloan* v. *Gibbes,* 56 S. C., 480.

The third exception, relating as it does to the testimony of J. B. Liles and Henry Liles as to alleged transactions or

communications with F. M. Trimmier, now deceased, and thus being obnoxious to the 400 section of the Code, really calls for a slight notice by us; for inasmuch as this testimony related to the $3,000, which matter is to be treated under an issue found by a jury, we cannot say that either one of these witnesses will be examined before the jury on this issue. We cannot say now whether section 400 will exclude such testimony or not; it depends upon circumstances. Of course, section 400 is sound law and must be enforced. This exception is overruled.

We have already disposed of the fourth exception. It is overruled. The fifth exception is disposed of in our remarks in considering the third exception. And so also is the sixth exception.

It remains for us to consider the exceptions presented by the defendants. All of these exceptions relate to questions hinging upon the disallowance of $1,175 worth of items presented by J. B. Liles as credits to which he was entitled on his note. While this Court must try anew all matters of fact at issue in equity cause, yet we hold the appellant to the duty of showing us by the testimony that the Circuit Judge has erred in his findings of fact. We have studied the testimony closely and the remarks of the defendant thereupon, and yet we are bound to admit, after that careful study, that our inclinations are in favor of the findings of the Circuit Judge. These exceptions must be overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.